Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
E-mail pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZEFERINO CANO MENDOZA, and
JORGE NICOLAS ORTIZ,

Plaintiffs,

-against-

SUSHI VILLAGE 53 INC., *doing business as* SUSHI VILLAGE RESTAURANT, *located at* 47 N. Plank Road, Newburgh, New York 12550, *and* MEI RONG LIN and XUEJUAN LIN, *individually*,

Defendants.

Case No.: 26 cv 9219

**COMPLAINT in an FLSA ACTION**

ECF Case

Jury Trial Demand

Plaintiffs, Zeferino Cano Mendoza and Jorge Nicolas Ortiz ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Sushi Village 53 Inc., *doing business as* Sushi Village Restaurant, ("Sushi Village"), located at 47 N. Plank Road, Newburgh, New York 12550; and Mei Rong Lin and Xuejuan Lin, individually (all defendants collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day they worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFFS*

5. Plaintiffs are adult residents of Kings County, New York.

6. Plaintiffs were employees of "Sushi Village Restaurant", or corporate entities doing business as Sushi Village, located at 47 N. Plank Road, Newburgh, New York 12550.

7. Plaintiff Zeferino Cano Mendoza, worked for Sushi Village, through its corporate entities, and directly for Mei Rong Lin and Xuejuan Lin, beginning on or about March 23, 2026, through September 7, 2026, without interruption.

8. Plaintiff Jorge Nicolas Ortiz, worked for Sushi Village, through its corporate entities, and directly for Mei Rong Lin and Xuejuan Lin, beginning on or about May 15, 2026, through August 9, 2026, without interruption.

***THE DEFENDANTS***

9. At relevant times, Defendant, Sushi Village 53 Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, located at 47 N. Plank Road, Newburgh, New York 12550.

10. Defendant Mei Rong Lin has been and is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant Sushi Village 53 Inc., who actively participated, and continues to participate in the day-to-day operations of the corporations, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Sushi Village 53 Inc.

11. The individual defendant Mei Rong Lin, exercised control over the terms and conditions of Plaintiffs' employment in that she has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of her employees' employment.

12. At all times relevant to this action, Defendant Mei Rong Lin, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

13. Defendant Mei Rong Lin directed personally paid the plaintiffs, and supervised and directed their work.

14. Defendant Mei Rong Lin exercised sufficient control over Sushi Village's day-to-day operations as to be considered an employer of Plaintiffs, under the FLSA and New York Labor Law.

15. Defendant Xuejuan Lin has been and is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant Sushi Village 53 Inc., who actively participated, and continues to participate in the day-to-day operations of the corporations, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Sushi Village 53 Inc.

16. The individual defendant Xuejuan Lin, exercised control over the terms and conditions of Plaintiffs' employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of his employees' employment.

17. At all times relevant to this action, Defendant Xuejuan Lin, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

18. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, Sushi Village 53 Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle,

sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

19. At all relevant times, Sushi Village 53 Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

20. Defendants employed Plaintiffs in Orange County, New York, as cooks, cook's assistants, dishwashers and general helpers.

21. The work performed by Plaintiffs was directly essential to the restaurant business operated by the corporate and individual Defendants.

22. At relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs, lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

24. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

25. The performance of Plaintiffs' job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by the individual defendants, Mei. Rong Lin and Xuejuan Lin.

## STATEMENT OF FACTS

26. Plaintiff, Zeferino Cano Mendoza, was employed by Defendants in Orange County, New York, as a cook, general helper and dishwasher at Defendants' restaurant known as "Sushi Village", beginning on March 23, 2026 through September 7, 2026.

27. During his employment, Plaintiff Zeferino Cano Mendoza worked over forty (40) hours per week.

28. Throughout his employment, Plaintiff Zeferino Cano Mendoza worked six (6) days per week. He was scheduled to work 10:30 a.m. to 10:00 p.m. (11 ½ hours per day).

29. Plaintiff Zeferino Cano Mendoza worked a total of approximately sixty-nine (69) hours per week.

30. Plaintiff Zeferino Cano Mendoza was paid a weekly salary which ranged between eight hundred fifty dollars ($850.00) per week to one thousand fifty dollars ($1,050.00) per week.

31. Plaintiff Zeferino Cano Mendoza was not paid hourly or for all hours worked, and he was not paid "overtime compensation" at time and a half for hours worked in excess of forty (40) per week.

32. At all times, Plaintiff Zeferino Cano Mendoza was paid by cash.

33. Plaintiff, Jorge Nicolas Ortiz, was employed by Defendants in Orange County, New York, as a cook's assistant, general helper and dishwasher at Defendants' restaurant known as "Sushi Village", beginning on May 15, 2026 through August 9, 2026.

34. During his employment, Plaintiff Jorge Nicolas Ortiz worked over forty (40) hours per week.

35. Throughout his employment, Plaintiff Jorge Nicolas Ortiz worked four (4) days per week. He was scheduled to work 10:30 a.m. to 10:00 p.m. (11 ½ hours per day).

36. Plaintiff Jorge Nicolas Ortiz worked a total of approximately forty-six (46) hours per week. In addition, Plaintiff Jorge Nicolas Ortiz was occasionally sent to the home of the owner to do cleaning and to move furniture.

37. Plaintiff Jorge Nicolas Ortiz was paid a daily salary of one hundred forty dollars ($140.00).

38. Plaintiff Jorge Nicolas Ortiz was not paid hourly or for all hours worked, and he was not paid "overtime compensation" at time and a half for hours worked in excess of forty (40) per week.

39. At all times, Plaintiff Jorge Nicolas Ortiz was paid by cash.

40. Plaintiffs worked directly for the corporate and individual Defendants.

41. Plaintiffs were paid a salary not based on their actual working hours; their pay equated to less than the applicable minimum wage, and they were not paid an overtime premium, as required by Federal and State law.

42. At all times throughout their employment, work performed above forty (40) hours per week was not paid at time and one-half the applicable minimum wage, as required by state and federal law.

43. Plaintiffs were not provided with true and accurate wage statements, detailing their hours worked, hourly rate of pay, the basis for their compensation, itemizing any withholdings, and setting forth their net pay.

44. Plaintiffs were not given any kind of receipt or wage statement with their weekly compensation.

45. Plaintiffs were not tipped workers.

46. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State minimum wage or overtime rate (of time and one-half) to Plaintiffs for work performed over forty (40) hours in a workweek.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

47. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

50. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

51. Plaintiffs worked hours for which they were not paid minimum wages.

52. Plaintiffs were entitled to be paid at the rate of time and one-half the applicable minimum wage, or their regular rate of pay when higher than the applicable minimum wage, for hours worked in excess of forty (40) each workweek.

53. Defendants failed to pay Plaintiffs wages for all hours worked, minimum wages, and overtime compensation, at all relevant times, in the lawful amount for all hours worked.

54. At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

56. The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiffs and other employees, sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57. Records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs may be false or inaccurate.

58. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

59. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

60. Due to the unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

61. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

62. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63. At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

64. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for all hours worked.

65. The corporate and individual Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

66. Each of the Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day they worked in excess of ten (10) pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

67. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid minimum wages; unpaid overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

68. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

70. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

71. Defendants did not provide Plaintiffs, with accurate written statement properly accounting for their actual hours worked, and setting forth their true hourly rate of pay, regular wages, and/or overtime wages.

72. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

73. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

74. Plaintiffs were not provided with true and accurate wage statements as required by law.

75. Federal and State record keeping requirements place the burden on the employer to keep track of its employees' working hours.

76. Because plaintiffs often stayed later than their scheduled shift, and without adequate contemporaneous time records and accurate weekly wage statements, Plaintiffs will not recover the full amount of wages owed, thereby constituting a significant and concrete injury.

77. Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

78. Defendants' failure to provide a weekly wage statement entitles Plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

79. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, respectfully request that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(g) Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues.

Dated: New York, New York
October 21, 2023

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiffs**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102
pcooper@jcpclaw.com

By: ______________________________
Peter Hans Cooper (PHC 4714)

**NOTICE OF INTENTION TO ENFORCE MEMBER LIABILITY FOR SERVICES RENDERED**

To: Mei Rong Lin
Xuejuan Lin

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Zeferino Cano Mendoza and Jorge Nicolas Ortiz intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Sushi Village 53 Inc., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
October 21, 2026

Respectfully submitted,

By: ______________________________
Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Counsel for Plaintiffs**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, Zeferino Cano Mendoza, am an individual currently or formerly employed by Seafood Village and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: New York, New York
October 12, 2026

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Jorge Nicolas Ortiz, am an individual currently or formerly employed by Seafood Village and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: New York, New York
October 13, 2026

[signature]
________________________________